AJ Kung, Counsel for Appellants Robert-Paul Vansant and Judeline-Laura Dellimore-Vansant Scott B. Oliphant, Counsel for Appellee Faith Vision Incorporated All right. Thank you. Ms. Kung, would you like to reserve any time for rebuttal? Yes, please. Five minutes. All right. Thank you. Please begin. May it please the Court, AJ Kung on behalf of the debtors. Debtors Robert-Paul Vansant and Judeline-Laura Dellimore-Vansant, respectfully ages 71 and 67, are precisely the honest but unfortunate debtors that the bankruptcy court was promulgated to help. They are not fraudsters, and they certainly did not enter into a contract to rebuild their home, which was destroyed by fire, with the intent of not performing. Rather, the Vansants are victims here. They are victims of an unfortunate house fire. They are victims of an unscrupulous contractor. And they were victims of poor lawyering by their state court counsel. And most recently, they've become victims of a bankruptcy court ruling that was clearly erroneous, unjust, and led to an inappropriate response. The subject of my appeal is whether or not the $50,000 state court award arbitration for a monetary judgment rendered against the debtors is still secured by a mechanics lien that was filed almost a year before the debtors filed bankruptcy. Now, when we filed our objection to the proof of claim, we objected against the secured claim, and we argued that this was just a monetary judgment. It's just the general unsecured claim, and it's no longer secured by the lien it was once secured. We cited to NRS 108.233, which requires that an action be commenced to enforce the lien within six months. We then argued that the action that was commenced by the creditor was not an action to enforce the lien. And what we cited the bankruptcy court to was the evidence in the record. Number one, the complaint only had a claim for relief for breach of contract and breach of the covenant of good faith and fair dealing. There was no mechanics lien foreclosure action sought. Number two, the actions of the creditor were that they proceeded through arbitration. They did not exempt through the mandatory arbitration program in Nevada. Nevada Arbitration Rules 3 and 5 specifically exclude from arbitration matters relating to title to real property, which a lien foreclosure action would have. Creditor also failed to record and publish the notice of lispendence, which is required by statute, and it's jurisdictional, your honors. The reason it's required is to provide all parties with notification that something may affect the title to the property and you may lose your interest. The mortgagor certainly had an interest but received no notice. So the actions of the creditor also demonstrate that what they were seeking was not a mechanics lien foreclosure. And finally, they allowed it to proceed all the way through arbitration. They received a monetary award for breach of contract and breach of the covenant of good faith and fair dealing for $50,000. They then confirmed that into a state court judgment, which judgment has become final, it's no longer appealable. After all those timelines had ticked, debtors filed bankruptcy. Now, when this matter came before hearing in front of our bankruptcy judge, what the bankruptcy judge did, which I believe was an error, was they applied the standard of notice pleading. And what the bankruptcy judge did was she cited to the prayer for relief in the state court complaint and noted that in the prayer for relief, the creditor had asked as alternate relief, quote, or an order requiring the immediate payment of all money due and owing as determined by this court or in the alternative that an order issue providing that the plaintiff may foreclose on the real property to satisfy the amounts due to plaintiff. Based thereon, she reasoned that the advancements had noticed that creditor was seeking to foreclose on the lien and therefore this was an action to commence a foreclosure on the mechanics lien. What I posit, your honor, is that that is not the same thing. Whether or not my clients had notice of what the creditor was trying to do is irrelevant. The notice pleading analysis is an analysis applied when determining whether or not the allegations of a complaint are sufficient. That was what not what was in dispute here. What was well and and and hypothetically, if there were two, I think you're suggesting those are independently articulated brands of relief. So the court, if the court, for example, or the whoever it was said, okay, you can have a judgment. Good luck collecting it. That would have that would have satisfied a requirement of the complaint, right? Theoretically, the foreclosure at that point might have been irrelevant, right? Um, I don't know about irrelevant. I think that well, I mean, if the point was that that either one of those, you know, aspects of relief would have been sufficient. It wasn't and it was or right? Yes, your honor. It was absolutely alternative. Okay. Okay. So if you get a judgment, good luck collecting it. We're not going to tell you how you do it. But that that discharges that, you know, it claims over with and the foreclosure might have become irrelevant at that point, at least in terms of pleading, right? I agree. Okay. Thanks. And moreover, because foreclosure was never alleged. No, I get that part. Yeah, I get that part. So based there on, we believe, or I believe that the bankruptcy court applied the wrong standard and came to the wrong conclusion. As a result, the standard she should have applied was did the actions taken by the secure or the allegedly secured creditor, the creditor complied with the statutory requirements that are itemized, legislated, memorialized in the statute of what is required to actually commence a mechanic's lien foreclosure action. And in this case, the facts that are undisputed and the documents that have presented resoundingly confirm that what the creditor did was not commence a lien foreclosure action. Now, so, so you're saying basically you're saying there's two things you need to do. One is properly alleged in your complaint. And two is satisfy all the other statutory requirements like recording a loose list pendants to notify other people who might have liens. Is that right? It is with a one permutation. I believe not only must it be alleged and the statutory conditions complied with, I think they actually have to act in conformance with that act, which was the third missing criteria here. They didn't proceed in arbitration and asked for lien foreclosure. They never acted as though they were seeking lien foreclosure. One of the primary opposition voiced by the creditor was, well, you can't elevate form over substance and an inadvertence should not be detrimental or fatal. But it wasn't just an inadvertence. If it was just an inadvertence, we would have a different case. It was, they failed to comply. And then they didn't act in conformance with a creditor that is trying to foreclose on a mechanics lien. So it's not just an inadvertence. They completed an entire litigation all the way to the end and never asked for mechanics lien foreclosure. And at the end of it, they received a monetary judgment for $50,000. That, in my opinion, is a dischargeable, unsecured debt, and it's not secured by any lien. So, but let me ask this. Had the bankruptcy not occurred, could they then have gone and done what they did, which is file a motion for foreclosure in the state court in this action? Under Nevada law, I don't believe they can. A foreclosure must be brought as a claim for relief, not as a motion. It has to be alleged in the complaint. The jurisdictional elements must be complied with, and then the court has to make a decision. It's not something you can do via a motion. And in my reply brief, I cited the case law that evidences to the panel that a mechanics lien foreclosure action is a cause of action. It's not a motion. It's a cause of action. I cited a plethora of case law. I personally litigated, you know, this and its entire procedure. You file your claim. All the claimants have an ability to come forward and file lien claim statements. The judge then has to rank all the priority of any conflicting interests. So, it's not something that is just done via a motion, and I think a motion would violate due process because all involved parties would not have been afforded a notice and opportunity to object. The final thing that the opposition voices is, I believe, a red herring. The bulk of Mr. Alderfin's brief is dedicated to whether or not a mechanics lien is a valid mechanics lien in bankruptcy. That has never been disputed. We agree that a validly perfected mechanics lien is enforceable in bankruptcy, but the situation we have here is different. There once was a mechanics lien. It was perhaps perfected, but it has now expired or lapsed due to non-enforcement. Or alternatively, if what he's saying is he did seek to enforce it, it's been replaced by a state court judgment, and he cannot now go back to state court, even if the bankruptcy had not been filed, and file a new action asking for lien foreclosure because the doctrines of re judicata and collateral estoppel prevent him from bringing a brand new claim, which was not litigated during the pendency of the claim, which has now been determined in finality. With that said, I have nothing further unless your honors have any questions for me. Questions? All right. Thank you. You can reserve the balance of your time. Thank you. All right. Mr. Oliphant? Good morning. May it please the court, Scott Oliphant on behalf of Faith Vision. In contrast to what Ms. Kung said, we are in diametric opposition to the contentions Ms. Kung has asserted. First of all, let us start with what we do agree with so that that is set aside. Yes, there was a fire. Yes, the Van Zandt home was very substantially damaged. And yes, they contracted with Faith Vision for repair of their house. They agreed to pay Faith Vision $250,000 for these services and had insurance from a carrier called Allstate. They received within six to eight weeks of the agreement to rebuild their house more than $300,000 from Allstate pursuant to the claim in checks that were made out both to the Van Zandts and their mortgage org. Faith Vision has received about $166,000 thus far. They refused to pay the balance. We filed. Mr. Oliphant, why doesn't the state court complaint that you filed that was arbitrated have a separate count for lien foreclosure? Because as you'll note from reading the cases that Ms. Kung has cited, virtually all of them, while they are characterized as actions for lien foreclosure, there has to be some underlying reason for which you want to foreclose some violation of law, such as a breach of contract. We believe that an action quote for foreclosure is, in fact, a remedy. Because if you are paid the money, as your colleague on the panel said, if they get paid the money, we all go home. Yeah, but let me correct what I think is a misapprehension about the point of my question. The point of my question is, if you do not have a separate claim for lien foreclosure in your complaint, which you did not, the judge could have satisfied your request by saying, here's a $50,000 judgment. Good luck. You're done. Go home. How does that help you? And then you have a fully unsecured claim. Yeah, then you have a fully unsecured claim. Good luck. Perhaps that's true. And that was in the alternative, by the way. You didn't ask for both. You asked for either, right? Yes, Your Honor. Okay. Because of the logic which I'm offering, which is, if we get paid, fine. We don't want their help. But the point is, getting a judgment doesn't get you paid. That's the whole point, right? Getting a judgment gets you a judgment. And you could have had that and been done with it. The Court could have done that, right? So where would you have been with your lien then? You would have been nowhere, right? Perhaps so. Okay. That's my only point. But Rule 8, which covers all pleading in Nevada and is similar, if not synonymous with federal pleading, allows for pleading in the alternative. It covers all civil actions. You state your facts. But my point is, if you get one, you may not get the other, right? You didn't ask for both. You asked for one or the other. I asked for the money or in the alternative. Yeah. A judgment. Okay. All right. I think we understand. And the logic is, and the reason we went to arbitration was twofold. It was, A, to value the amount of the claim because there was a counterclaim here by the Van Zands. They got nothing on it in the arbitration. Moreover, this was prudent to do this because even if there hadn't been an action for foreclosure or a counterclaim, there were affirmative defenses which could have been brought, such as the lien is invalid or that the value of the lien is improper. It has to be reduced to some certain so that you can- Why does that need to happen? You're saying it's a two-step process and that needs to happen first. I don't find any case law or statutory authority that supports that position. If you don't have, if you do not reduce it to a some certain- But you could do it in one action. Right. You could do it once. You don't have to do it twice. But you never pled lien foreclosure. You only pled in the prayer for relief and alternative remedy. You never asked for the court to determine the amount of the debt and foreclose the lien. And you needed to have a lien foreclosure action filed at the time the complaint in state court was filed or the lien would expire by operation of law. Correct? I disagree, Your Honor. I think the lien supports the debt that is owed that is unquantified. And that you quantify the lien, quantify the amount owed, and that the arbitration simply instead of going straight to judgment and asking for foreclosure is simply a waiver of the additional amount on the lien. The original lien was about $88,000. And the cap on an arbitration is $50,000. And so we proceeded in what we thought was a judicious and cautious way. And had they paid us, we would not have sought to foreclose the property. Even after the judgment was entered, we gave them about a month, I think, or maybe a little bit more and said, OK, now that they're not doing this, we're going to move to satisfy the lien via the requested alternative relief pursuant to Rule 8, which is the same in federal court, so that we may go ahead and foreclose. The lower court said basically, although it did so after the bankruptcy was commenced, it said, yes, you may go ahead. Now, we did not attempt to do so because of the automatic stay. But the Nevada court said, sure, you can foreclose to collect the lien. That makes sense under Nevada law. Moreover, we believe, unlike what has been that was done here, is subsumed within the judgment under Rates Judicata. They should have raised it in the state court. But the purpose of the mechanics lien statutes is not only to provide relief to the person with the lien and the actual borrower, but there's a bunch of other people who can have liens on the property, other possible mechanics lien creditors, the first mortgagor. And the point of the statute is to provide notice and an opportunity to be heard to all claimants. And you did not do anything to satisfy those requirements. So are you saying that those requirements just don't apply and you get to foreclose anyway? What we say is that they have a right to assert that their claims are potentially still valid. But they had no notice and opportunity to be heard in this proceeding. Well, actually, I did name other parties in the action and they asked for dismissals, which we gave them because they said they didn't want to pursue their action. We did not know, we could not figure out who the mortgagor was because those liens get sold and resold. So we couldn't figure out who the creditor was until such time as the bankruptcy was filed. But the whole point of this is that the lien statutes do not require absolute compliance, they require substantial compliance. So how is it substantial compliance when you didn't do anything other than file a complaint that said, and maybe I want to foreclose in the prayer? Under the Alescu case, it says that to assert a deficiency, you have to be an injured party. These people had actual notice, as opposed to even constructive notice. And the case, which I provided this court, I guess about a week ago, specifically says the purpose of a purchasers and financers who may be engaging in a contract or some sort of transaction regarding the real property. That might be a basis for relief, but not for these litigants. That is our point. And that's where the lower court had it right. That's where the state court had it right. And this court, we believe, as I pointed out, and I believe- Let me just ask you a question about the state court judgment. The state court judgment that you're relying upon was executed by the state court while the automatic stay was in effect, so it was null and void, number one. Number two, no one attended the hearing to obtain the judgment. You filed a motion, neither you nor the other side, the debtors, appeared and contested anything at that hearing. So it was signed by a judge in violation of the automatic stay and is of no force and effect in this case. Isn't that true? No, it is not, Your Honor. First of all, you have the facts wrong. The actual judgment was obtained prior to the bankruptcy. Moreover- No, the $50,000 judgment was. I'm talking about the action that allowed the foreclosure to proceed, that once that was in violation of the automatic stay. That was an order which was unenforceable pursuant to the automatic stay. It was void. It's null and void in the Ninth Circuit. It is of no force and effect. But if I may, Your Honor, as I pointed out in my paperwork to the court, we didn't attempt to proceed on the order. No, but you're relying upon it here to say that it's a res judicata effect with regard to the qualities to it because you obtained it. No, Your Honor, that's not what I'm saying. You're saying that the $50,000 judgment that you obtained from the court before the filing, that that constitutes res judicata on the issue of whether or not you have a foreclosed lien? No, not on whether we have a foreclosed lien, but whether we have the right to proceed to foreclose pursuant to that quantification. And the other part that I I said in my paperwork, to be very clear, is not that the order itself permitting foreclosure is valid, but the analysis of the state of the state court as to the state law is something to which this court should give comity. That's what I'm saying. Well, I mean, res judicata, collateral estoppel depend on a valid final judgment, right? They do, yes. Okay, thank you. That helps me a lot. Thanks a lot. Does the panel have any further questions for me? I don't.  No, thank you. I would just further add that the cases which opposing counsel has cited for the concept of an action to foreclose, as I read them, most of them, if not all of them, include the underlying concepts or cognitive action of breach of contract because there has to be some basis for bringing a foreclosure. You can't bring a foreclosure in a vacuum. There has to be some underlying reason to do so, and that is what we did, and we view the foreclosure as a remedy and the alternative to a valid quantification of what's owed so that that can be addressed during the foreclosure. All right. Thank you very much for your argument. Ms. Cung? Your Honors, I have nothing further but to just confirm and reiterate that, yes, the order authorizing foreclosure was void ab initio. It was entered while the automatic stay was in effect, and it was pursuant to a motion that was neither opposed nor argued by my clients. Other than that, I have nothing further unless Your Honors have any questions for me. Questions? No. All right. Thank you both very much. This matter will be submitted, and we'll try to get a decision out promptly. Thank you, Your Honor. Thank you.
judges: Brand, Lafferty, and Gan